IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRYON WALL,**

      Plaintiff,

vs.                                                               No. 1:10-CV-01130 RHS/ACT

**SIMON PROPERTY GROUP, L.P.,**
a Delaware corporation,

      Defendant.

## ORDER DENYING MOTION OF DEFENDANT
## SIMON PROPERTY GROUP, L.P. FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on Motion of Defendant Simon Property Group, L.P. for Summary Judgment (Doc. 38), which became ready for review on December 12, 2011. After a thorough study of the Motion, Plaintiff's response (Doc. 42), Defendant's reply (Doc. 47), and all of the exhibits submitted for judicial review, the Court concludes that the motion is not well-taken and should be denied.

Defendant employed Plaintiff and then terminated him, which gave rise to this litigation. Plaintiff sued his former employer for damages for breach of implied contract of employment (Doc. 1-2). Defendant's motion for summary judgment seeks to dismiss this claim against the former employer.

### STANDARD OF REVIEW

Summary judgment is granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988). The Court is mindful of this standard of review.

## ANALYSIS

The parties dispute whether there was an implied contract for employment. While Defendant generally argues that this is a legal question appropriate for summary judgment, Plaintiff counters that it is a fact question that cannot be decided by the Court. Specifically, Defendant asserts that "Simon employed Wall as an at-will employee," which is Defendants' Undisputed Material Fact Number Five. Plaintiff disputes and denies this fact (Doc. 42 at 3).

"Whether an implied contract exists is generally a question of fact." West v. Washington Tru Solutions, 2010-NMCA-001, ¶ 7, which would preclude summary judgment if the facts are in dispute. "Whether such an implied contract exists is based on the totality of the circumstances of the employment relationship between the parties. . . ." Id. at ¶ 16 (internal citation omitted). "Whether an employer's words and conduct support a reasonable expectation on the part of employees that they will be dismissed only in accordance with specified procedures or for

specified reasons generally is a question of fact for the jury. . . ." <u>Mealand v. Eastern New Mexico Medical Center</u>, 2001-NMCA-089, ¶ 9.

The parties disagree whether Simon's employee handbook created an implied employment contract. The courts have previously determined whether summary judgment is appropriate in an implied employment contract case with handbook issues that are very similar to the pending case:

> When asked about whether he understood the disclaimer that the Handbook does not create a contract, Employee said, "[b]ut if there is not an implied contractual relationship, why even bother to put the corrective steps in this document? I mean, it's contradictory." To the degree that Employee's deposition testimony reflected a degree of subjective confusion about the relationship between representations by Employer that employment was at will and other representations by Employer that employment would only be terminated for just cause and after disciplinary proceedings, the confusion was created by the potentially contradictory nature of Employer's own statements. It is not appropriate on summary judgment to single out those portions of Employee's deposition that acknowledge that no representative of Employer ever expressly stated that employment was not at will or that progressive discipline would be applied in all cases and ignore those portions of Employee's deposition that, when viewed in the light most favorable to Employee, reasonably state that Employee subjectively expected that he would be fired only for cause and after progressive discipline. Accordingly, there is a genuine issue of material fact as to the nature of Employee's subjective expectations.

<u>West v. Washington Tru Solutions</u>, 2010-NMCA-001, ¶ 22. Mr. Wall's deposition testimony raises very similar factual issues regarding Simon's employee handbook and Mr. Wall's understanding of the language regarding progressive discipline.

The Court concludes that, given the facts presented by the parties, it is appropriate and necessary to apply the established rule that summary judgment is not available in an implied employment contract case because of the genuine dispute regarding material facts. The totality of the circumstances of the employment relationship must be presented to a fact finder for resolution and cannot be decided by the Court as a matter of law.

## CONCLUSION

The motion, response, reply and all exhibits submitted for judicial review have demonstrated that there is a genuine dispute as to the material fact regarding whether an implied employment contract existed and whether Defendants' conduct breached that contract. Therefore, Defendant's motion for summary judgment is DENIED.

_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE